Rob Hennig (State Bar No. 174646)
rob@employmentattorneyla.com
Sam Brown (State Bar No. 308558)
sam@employmentattorneyla.com
Dat Tommy Phan (State Bar No. 316813)
dat@employmentattorneyla.com
HENNIG RUIZ & SINGH, P.C.
3600 Wilshire Blvd, Suite 1908
Los Angeles, CA 90010
Phone: (213) 310-8301
Fax: (213) 301-8302

Attorneys for Plaintiff KHOSROW KAMALI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHOSROW KAMALI, an individual, | **CASE NO.** |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | 1. **VIOLATION OF U.S. CONST. AMEND. I (42 U.S.C. § 1983)** |
| LAURIE BERMAN, in her official capacity as Director of the California Department of Transportation; AARON OCHOCO, in his official capacity as Acting Deputy District Director of Administration of the California Department of Transportation District 7, and in his personal capacity; MARCUS ATKINS, in his official capacity as Facilities Manager of the California Department of Transportation District 7 Building, and in his personal capacity; and BRYAN GRAY, in his official capacity as Captain for the California Department of Transportation District 7 Building, and in his personal capacity, | 2. **VIOLATION OF U.S. CONST. AMEND. XIV (42 U.S.C. § 1983)— DISCRIMINATION BASED ON THE EXERCISE OF FREE SPEECH** |
| | 3. **VIOLATION OF U.S. CONST. AMEND. XIV (42 U.S.C. § 1983)— "CLASS OF ONE" DISCRIMINATION** |
| | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff KHOSROW KAMALI (hereinafter "Plaintiff" or "Kamali"), respectfully submits the instant Complaint for Damages, Injunctive Relief, and Demand for Jury Trial against Defendants LAURIE BERMAN (hereinafter "Berman"), in her official capacity as Director of the California Department of Transportation (hereinafter "Caltrans"); AARON OCHOCO (hereinafter "Ochoco"), in his official capacity as Acting Deputy District Director of Administration for Caltrans District 7, and in his personal capacity; MARCUS ATKINS (hereinafter "Atkins"), in his official capacity as Facilities Manager for Caltrans District 7 Building, and in his personal capacity; and BRYAN GRAY (hereinafter "Gray"), in his official capacity as Captain at the Caltrans District 7 Building, in his personal capacity, and alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction). Plaintiff seeks redress for the violations of his First Amendment right to petition, incorporated in the Fourteenth Amendment, and his Fourteenth Amendment right to equal protection through a private cause of action created by 42 U.S.C. § 1983. In asserting his 42 U.S.C. § 1983 claims, Plaintiff sues all Defendants in their official capacities and seeks injunctive relief. Plaintiff also sues Ochoco, Atkins, and Gray in their personal capacity and seeks compensatory damages. Plaintiff seeks attorney's fees under all claims and from all defendants pursuant to 42 U.S.C. § 1988.

2. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b). Defendants reside in the Central District, and the acts or omissions complained herein have occurred in the Central District.

## INTRODUCTION

3. Plaintiff KHOSROW KAMALI files this Complaint for Damages and Injunctive Relief relating to the malicious and vindictive actions taken by the administration and executive staff of the California Department of Transportation (hereinafter "Caltrans") against Plaintiff in

1  retaliation for having successfully pursued two prior lawsuits against Caltrans for violations of the
2  California Fair Employment and Housing Act, Cal. Gov. Code § 12940 *et seq*. (hereinafter
3  "FEHA"). Plaintiff exercised his right of free speech and his right to petition the court; and in
4  response, the Caltrans administration and staff intentionally barred Plaintiff from entering any
5  part of the Caltrans District 7 Building (hereinafter "Caltrans Building"), including public
6  government offices that are made accessible to members of the general public. Plaintiff, as a
7  general member of the public, sought to enter the building and conduct private affairs at the
8  public government offices located in the Caltrans Building. On both occasions, the Caltrans staff
9  and security personnel barred Plaintiff from accessing public government offices, stating that
10 Plaintiff was specifically restricted from entering the Caltrans Building, and escorting Plaintiff
11 out. Based on these events, pled in detail below, Plaintiff brings cause of action for violations of
12 his Right to Free Speech and Petition and violations of his Right to Equal Protection under the
13 law.

## PARTIES

16  4.  Plaintiff KHOSROW KAMALI is a former employee of Caltrans and, at all
17 relevant times, was member of the public and a resident of the County of Orange, California.
18 Plaintiff previously filed two separate successful lawsuits against Caltrans for violations of the
19 FEHA. The first case, *Kamali v. California Department of Transportation* (2015) 2015 WL
20 1254469, resulted in a total judgment of nearly $2 million. The second case was resolved out of
21 court. Plaintiff is a resident of the County of Orange, California.
22  5.  Defendant LAURIE BERMAN is currently acting as the Director of Caltrans.
23 Plaintiff names and sues Ms. Berman in her official capacity.
24  6.  Defendant AARON OCHOCO was, at all relevant times, the Acting Deputy
25 District Director for Administration of District 7 of Caltrans. Plaintiff is informed and believes,
26 and thereon alleges, that Mr. Ochoco issued an order to the Caltrans executive staff that restricted
27 Plaintiff from entering all employee areas of the Caltrans Building, but purportedly permitting
28 him to enter public areas of the facility. Plaintiff is further informed and believes, and thereon

alleges, that this order was implemented to entirely bar him from the Caltrans Building, including the public areas Plaintiff is further informed and believes, and thereon alleges, that Mr. Ochoco is currently the head of the Safety and Management Services for the California Department of Transportation. Plaintiff names and sues Mr. Ochoco in his official and personal capacity.

7. Defendant MARCUS ATKINS was, at all relevant times, the Facilities Manager at the Caltrans District 7 Building. Plaintiff is informed and believes, and thereon alleges, that Mr. Atkins implemented Mr. Ochoco's order to restrict Plaintiff's access from the Caltrans Building. In particular, Mr. Atkins helped to escort Plaintiff out of the Caltrans Building.

8. Defendant BRYAN GRAY was, at all relevant times, the Captain at the Caltrans District 7 Building. Plaintiff is informed and believes, and thereon alleges, that Mr. Gray implemented Mr. Ochoco's order to restrict Plaintiff's access from the Caltrans Building. In particular, Mr. Gray helped to escort Plaintiff out of the Caltrans Building.

9. As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has suffered and continues to suffer from humiliation, embarrassment, emotional pain and suffering, economic damages and other damages in amounts not yet ascertained, but subject to proof at trial.

**STATEMENT OF FACTS**

10. Plaintiff is a former employee of Caltrans and, at all relevant times, was a member of the public and a resident of the County of Orange, California. Plaintiff previously filed two separate successful lawsuits against Caltrans for discrimination, harassment, failure to accommodate, and retaliation among other causes of action. The first case, *Kamali v. California Department of Transportation* (2015) WL 1254469, resulted in a total judgment of nearly $2 million. The second case was resolved out of court. Plaintiff is informed and believe that in pursuing two prior lawsuits, he was exercising his First Amendment right to petition the government for redress of his grievances.

11. Plaintiff is informed and believes that the second floor of the Caltrans Building, located at 100 South Main Street, Los Angeles, California 90012, contains various government offices that are open to the general public. The government offices provide important public

information: surveying boundaries for legal parcels, encroachment/permitting, as-built records, development maps, and a cashier to process payments and disbursements to the State of California. The Caltrans Building provides unique Los Angeles County-specific public services that are simply not offered by any other entity or anywhere else in California.

12. On or about April 12, 2017, Caltrans Acting Deputy District Director for Administration of District 7, AARON OCHOCO, issued an order to Caltrans executive staff that purported to restrict Plaintiff from entering all employee areas in the Caltrans facility, but permitted him to go into any of the public areas of the facility.

13. On or about October 4, 2017, Plaintiff sought to go through security to enter the government offices on the second floor of the Caltrans Building. As a well-respected former Caltrans employee, Plaintiff sought to enter the government offices and public areas on the second floor of the Caltrans Building to visit old co-workers. More importantly, Plaintiff sought to clarify his bills at the cashier's office, conduct private affairs with offices related to his work as a consultant, obtain copies of new regulations at the public information counter and access the government offices for encroachment/permits, as-built, and survey. Upon entering the Caltrans Building, Plaintiff attempted to sign the visitor's log at the security front desk on the first floor so that he could get access to the public offices on the second floor. Plaintiff is informed and believes, and thereon alleges, that any member of the general public who signs the visitor's log receives a pass to access the second floor. Instead, Caltrans Building security personnel told Plaintiff that he should not be there and instructed him to leave immediately. Plaintiff asked the Caltrans staff and security personnel present that day why they were denying him access to the second floor. The Caltrans staff and security personnel told Plaintiff, "They have asked us to remove you from the floor and not permit you to enter," without clarifying who "they" referred to. Even after Plaintiff explained his valid reasons for entering the public areas on the second floor, Caltrans security personnel still denied him entry. Plaintiff was escorted out of the Caltrans Building shortly thereafter.

14. On or about October 11, 2017, Plaintiff again sought to enter the public offices on the second floor of the Caltrans Building for the same reasons as before: to visit old co-workers,

clarify his bills at the cashier's office, and conduct private affairs with government offices related to his work as a consultant. Again, Plaintiff attempted to properly sign in at the first floor front desk security, but the Caltrans security officer present that day denied him entry. The security personnel told Plaintiff that he needed a badge to go upstairs, but she claimed that she could not give the badge to Plaintiff because he was specifically restricted from entering the building entirely. Plaintiff is informed and believes, and thereon alleges, that Caltrans management called Facilities Manager MARCUS ATKINS and Captain BRYAN GRAY to remove Plaintiff from the Caltrans Building. Plaintiff asked them why they would not allow him to enter the public areas on the second floor for his valid purposes; however, the Caltrans staff and security personnel told Plaintiff that he should not be there at all and that he should leave immediately. Plaintiff was promptly escorted out of the building by Caltrans security personnel shortly thereafter.

15. On both occasions, Plaintiff observed other members of the public simply sign in at the first floor front desk, received a badge, and enter the second floor to access public government offices. On both occasions, Plaintiff explained why he sought access to the public areas on second floor of the Caltrans Building and asked the Caltrans staff and security personnel to explain why they were denying him entry. Plaintiff asked the Caltrans staff and security personnel if they were denying him access to the public areas of the building because he had pursued two lawsuits against Caltrans. On both occasions, the Caltrans staff and security personnel told Plaintiff that he was restricted from entering the Caltrans Building entirely and, without further explanation, he was escorted out.

16. Plaintiff is informed and believes, and thereon alleges, that he may access, enter, and visit at least the public areas of the government offices on the second floor of the Caltrans Building as a member of the general public. Plaintiff is informed and believes, and thereon alleges, that other former Caltrans employee and/or member of the general public who seek access to the public government offices on the second floor for valid reasons have been denied access to the Caltrans Building in its entirety. Plaintiff filed a Freedom of Information Act request for any documents that show whether any retired Caltrans employees have been subjected to the same scrutiny in the past ten years, but Plaintiff did not receive any information.

17. Plaintiff is informed and believes, and thereon alleges, that the Defendants' conduct was driven, in part, by malicious ill will against Plaintiff. This is due to an unfortunate history of improper conduct by Caltrans as to Plaintiff that provides context and history to the particular actions at issue in this complaint:

    A. During Plaintiff's first and second lawsuit against Caltrans, Plaintiff is informed and believes that Christopher Hiddleson served as the lead attorney representing Caltrans.

    B. During the litigation process for the first lawsuit, Plaintiff is informed and believes that Mr. Hiddleson did not provide a key email document despite the request from Plaintiff's counsel as part of the discovery process that showed that Caltrans ordered the removal of Plaintiff from a public restaurant on the Caltrans ground floor – Begins Café. Caltrans maintained at trial that Mr. Kamali was never removed from this restaurant. Plaintiff is informed and believes that the document was intentionally withheld and only accidentally produced during his second lawsuit at the deposition of Duncan McIntosh.

    C. During the litigation process, Plaintiff is informed and believes that Mr. Hiddleson requested that a private investigator follow Plaintiff, his brother, his sister, his mom, his underage nephews, and his two underage daughters for a period of about 39 months. Plaintiff is informed and believes that Mr. Hiddleson further misrepresented to the Court the extent of the surveillance that was conducted by Caltrans through a contract with a private investigator.

    D. Plaintiff is informed and believes that on or about June 16, 2015, Mr. Hiddleson threatened to assault Plaintiff at the Caltrans building immediately following a deposition of Duncan McIntosh. Plaintiff was afraid that Mr. Hiddleson would follow through on his threat and promptly notified Caltrans management of Mr. Hiddleson's actions. Plaintiff is informed and believes that Mr. Hiddleson's conduct was investigated by the California Attorney General's Office, which found that "all allegations by Kamali are substantiated

against Hiddleson." Plaintiff is informed and believed that Mr. Hiddleson was never disciplined in connection with his conduct.

18. On or about December 15, 2017, shortly after Plaintiff reached out to Caltrans management to ask why he was not allowed to enter the Caltrans building, Christopher Hiddleson, the lead attorney representing Caltrans in Plaintiff's previous lawsuits against Caltrans, responded and accused Plaintiff of being a liar with no integrity. Plaintiff is informed and believes that this response was particularly inappropriately because questions from the public are routinely answered by Caltrans management or external affairs.

19. Plaintiff is informed and believes that management for Caltrans District 7 has a policy and custom of retaliating against its employees that make protected complaints of unlawful discrimination, harassment, or retaliation, and failing to prevent discrimination, harassment, or retaliation from occurring. The protected complaints include: making a complaint of discrimination, harassment, or discrimination to a supervisor, filing a complaint with Caltrans' internal Equal Employment Opportunity (EEO) program, participating as a witness on behalf of another Caltrans employee making a protected complaint, and filing lawsuits in California Superior Court. The retaliation by Caltrans has included such adverse employment actions as pay cuts, demotions, undesirable lateral transfers, and termination. The implementation of this policy and custom by Caltrans District 7 management has provided the basis for Plaintiff's prior lawsuits against Caltrans for discrimination, harassment, failure to accommodate, and retaliation among other causes of action.

20. Plaintiff is informed and believes, and thereon alleges, that Defendants Caltrans' conduct is consistent with past unlawful behavior that took place throughout the course of Plaintiff's previous lawsuits against Caltrans, which includes but is not limited to: kicking Plaintiff out of a private restaurant by force, installing audio/cameras to listen in on privileged conversations between Plaintiff and his attorney, and hiding evidence during the discovery process in his earlier case.

///

///

## FIRST CAUSE OF ACTION

**42 U.S.C. § 1983: VIOLATION OF FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION**

**(Against Defendants LAURIE BERMAN (in her official capacity), AARON OCHOCO (in his official and personal capacity), MARCUS ATKINS (in his official and personal capacity), and BRYAN GRAY (in his official and personal capacity).**

21. As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff brings this cause of action against Defendant Berman in her official capacity, and Defendants Ochoco, Atkins, and Gray in their official and personal capacities.

22. Defendants Berman, Ochoco, Atkins, and Gray under the color of law, intentionally, and/or consciously, recklessly, and deliberately deprived Plaintiff of his Right to Free Speech and petition recognized by the First Amendment, and incorporated, and applied to the states in the Fourteenth Amendment of the United States Constitution as well as under the California Constitution Article I, Section 2 and 3.

23. Section 2(a) of the California Constitution provides that "Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press."

24. Section 3(a) of the California Constitution provides that "The people have the right to instruct their representatives, petition government for redress of grievances, and assemble freely to consult for the common good."

25. Defendants Berman, Ochoco, Atkins, and Gray are Caltrans administrators and executive personnel acting in the scope of their employment, under the color of law, and were purporting to act in the performance of their official duties.

26. Defendants Berman, Ochoco, Atkins, and Gray deprived Plaintiff of his right to free speech and petition by intentional retaliation, and/or indifference to the retaliation suffered by Plaintiff as a result of exercising his right to free speech–by filing two lawsuits against

Caltrans for violations of FEHA–and chilled his free speech rights. Defendants issued an order that restricted Plaintiff's access to the Caltrans Building and implemented it in such a manner that completely barred Plaintiff from the building in retaliation for exercising his free speech rights to petition the government for redress of grievances by filing two prior lawsuits against Caltrans. These acts harmed Plaintiff and continue to chill his free speech rights. These acts also would chill the free speech rights of a reasonable person in his Plaintiff's position.

27. Plaintiff is informed and believes that management for Caltrans District 7 has a policy and custom of retaliating against its employees that make protected complaints of unlawful discrimination, harassment, or retaliation, and also failing to prevent discrimination, harassment, or retaliation from occurring.

28. As a result of Defendants' deprivation of Plaintiff's Constitutional right to free speech and petition he was harmed and continues to be harmed. As alleged above Plaintiff, as a result of the deprivation of his speech rights, continues to be barred from entering public government offices and has been prevented from conducting necessary personal affairs as a member of the general public. The government offices provide important public information: surveying boundaries for legal parcels, encroachment/permitting, as-built records, development maps, and a cashier to process payments and disbursements to the State of California. The Caltrans Building provides unique Los Angeles County-specific public services that are simply not offered by any other entity or anywhere else in California.

29. Defendants' wrongful action to restrict Plaintiff from and evict Plaintiff out of the Caltrans Building was a substantial factor in causing him harm.

30. Defendants Berman, Ochoco, Atkins, and Gray all committed acts that denied Plaintiff constitutional rights and are liable as supervisors and direct participants.

WHEREFORE, Plaintiffs request relief as hereafter provided.

///

///

///

///

## SECOND CAUSE OF ACTION

**42 U.S.C. § 1983: VIOLATION OF FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION (EQUAL PROTECTION)**

**(Against Defendants LAURIE BERMAN (in her official capacity), AARON OCHOCO (in his official and personal capacity), MARCUS ATKINS (in his official and personal capacity), and BRYAN GRAY (in his official and personal capacity).**

31. As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff brings this cause of action against Defendant Berman in her official capacity, and Defendants Ochoco, Atkins, and Gray in their official and personal capacities.

32. Defendants Berman, Ochoco, Atkins, and Gray under the color of law, intentionally, and/or consciously, recklessly, and deliberately deprived Plaintiff of his Right to Equal Protection recognized by the Fourteenth Amendment of the United States Constitution. Specifically, by exercising his free speech rights to petition the government for redress of grievances by filing two prior lawsuits against Caltrans, Plaintiff is exercising his fundamental right to free speech and petition recognized by the First Amendment, and incorporated, and applied to the states in the Fourteenth Amendment of the United States Constitution, as well as under the California Constitution Article I, Section 2 and 3.

33. Plaintiff is informed and believes that Defendants have failed to demonstrate the policy and custom of denying Plaintiff access to the entire Caltrans Building is narrowly tailored, serves a compelling government interest, nor the least restrictive alternative. Moreover, Defendant has failed to demonstrate that there is even a rational basis for its policy, which can be clearly seen as conduct driven by malicious ill will against Plaintiff. Defendants' policy and actions illegally and unconstitutionally subject Plaintiff to unequal treatment before the law on the basis of his having chosen to exercise his fundamental right to free speech and petition.

34. Defendants Berman, Ochoco, Atkins, and Gray are Caltrans administrators and executive personnel acting in the scope of their employment, under the color of law, and were

purporting to act in the performance of their official duties.

35. Defendants Berman, Ochoco, Atkins, and Gray deprived Plaintiff of his right to equal protection by intentional retaliation, and/or indifference to the retaliation suffered by Plaintiff as a result of his membership in the group of former litigants that seek to exercise their fundamental rights to free speech. Defendants issued an order that restricted Plaintiff's access to the Caltrans Building and implemented it in such a manner that completely barred Plaintiff from the building in retaliation for exercising his fundamental right. These acts caused harm to Plaintiff, continue to chill his free speech rights, and subject him to unequal treatment under the law on the basis of his exercise of free speech and his right to petition.

36. Plaintiff is informed and believes that management for Caltrans District 7 has a policy and custom of retaliating against its employees that make protected complaints of unlawful discrimination, harassment, or retaliation, and also failing to prevent discrimination, harassment, or retaliation from occurring.

37. As a result of Defendants' deprivation of Plaintiff's Constitutional right to equal protection he was harmed and continues to be harmed. As alleged above Plaintiff, as a result of the deprivation of his fundamental rights to free speech and petition, continues to be barred from entering public government offices and has been prevented from conducting necessary personal affairs as a member of the general public. The government offices provide important public information: surveying boundaries for legal parcels, encroachment/permitting, as-built records, development maps, and a cashier to process payments and disbursements to the State of California. The Caltrans Building provides unique Los Angeles County-specific public services that are simply not offered by any other entity or anywhere else in California.

38. Defendants' wrongful action to restrict Plaintiff from and evict Plaintiff out of the Caltrans Building was a substantial factor in causing him harm.

39. Defendants Berman, Ochoco, Atkins, and Gray all committed acts that denied Plaintiff constitutional rights and are liable as supervisors and direct participants.

WHEREFORE, Plaintiffs request relief as hereafter provided.

///

## THIRD CAUSE OF ACTION

**42 U.S.C. § 1983: VIOLATION OF FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION (EQUAL PROTECTOIN "CLASS OF ONE")**

**(Against Defendants LAURIE BERMAN (in her official capacity), AARON OCHOCO (in his official and personal capacity), MARCUS ATKINS (in his official and personal capacity), and BRYAN GRAY (in his official and personal capacity).**

40. As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff brings this cause of action against Defendant Berman in her official capacity, and Defendants Ochoco, Atkins, and Gray in their official and personal capacities.

41. Defendants Berman, Ochoco, Atkins, and Gray under the color of law, intentionally, and/or consciously, recklessly, and deliberately deprived Plaintiff of his Right to Equal Protection recognized by the Fourteenth Amendment of the United States Constitution. Specifically, the Fourteenth Amendment provides protection for a "class of one," where the plaintiff has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment. Plaintiff is informed and believes that out of numerous former Caltrans employees that have filed prior lawsuits against District 7. Caltrans actions are arbitrary and capricious because Plaintiff is the only former employee who has been effectively barred from accessing the Caltrans Building in retaliation for his filing his prior lawsuits.

42. Plaintiff is informed and believes that Defendants have failed to demonstrate the policy and custom of denying Plaintiff access to the entire Caltrans Building is narrowly tailored, serves a compelling government interest, nor the least restrictive alternative. Moreover, Defendant has failed to demonstrate that there is even a rational basis for its policy, which can be clearly seen as conduct driven by malicious ill will against Plaintiff.

43. Defendants Berman, Ochoco, Atkins, and Gray are Caltrans administrators and executive personnel acting in the scope of their employment, under the color of law, and were

purporting to act in the performance of their official duties.

44. Defendants Berman, Ochoco, Atkins, and Gray deprived Plaintiff of his right to equal protection by intentional retaliation, and/or indifference to the retaliation suffered by Plaintiff as a result of exercising his First Amendment rights to pursue two prior lawsuits against Caltrans. Defendants issued an order that restricted Plaintiff's access to the Caltrans Building and implemented it in such a manner that completely barred Plaintiff from the building in retaliation for exercising his fundamental right. These acts caused harm to Plaintiff and continue to chill his free speech rights.

45. Plaintiff is informed and believes that management for Caltrans District 7 has a policy and custom of retaliating against its employees that make protected complaints of unlawful discrimination, harassment, or retaliation, and also failing to prevent discrimination, harassment, or retaliation from occurring.

46. As a result of Defendants' deprivation of Plaintiff's Constitutional right to equal protection he was harmed and continues to be harmed. As alleged above Plaintiff, as a result of the deprivation of his fundamental rights to free speech and petition, continues to be barred from entering public government offices and has been prevented from conducting necessary personal affairs as a member of the general public. The government offices provide important public information: surveying boundaries for legal parcels, encroachment/permitting, as-built records, development maps, and a cashier to process payments and disbursements to the State of California. The Caltrans Building provides unique Los Angeles County-specific public services that are simply not offered by any other entity or anywhere else in California.

47. Defendants' wrongful action to restrict Plaintiff from and evict Plaintiff out of the Caltrans Building was a substantial factor in causing him harm.

48. Defendants Berman, Ochoco, Atkins, and Gray all committed acts that denied Plaintiff constitutional rights and are liable as supervisors and direct participants.

WHEREFORE, Plaintiffs request relief as hereafter provided.

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment against all Defendants, jointly and severally, as to his First through Third Causes of Action, as follows:

1. For general damages to compensate Plaintiffs for their emotional distress, pain and suffering, and loss of pleasure and enjoyment of life;
2. For punitive damages as allowed by law;
3. For treble damages, as allowed by law;
4. For all necessary and appropriate injunctive relief;
5. For an award of interest, including prejudgment interest, at the legal rate;
6. For an award of attorney fees as allowed by law;
7. For all applicable civil penalties, as allowed by law;
8. For costs of suit incurred; and
9. For such other and further relief as this Court deems appropriate.

Dated: February 1, 2019              HENNIG RUIZ & SINGH, P.C.

                                By:    /s/ Dat Tommy Phan
                                       Rob Hennig
                                       Sam Brown
                                       Dat Tommy Phan

                                       Attorneys for Plaintiff
                                       KHOSROW KAMALI

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury in this matter.

Dated: February 1, 2019      HENNIG RUIZ & SINGH, P.C.

By:   /s/ Dat Tommy Phan
      Rob Hennig
      Brandon Ruiz
      Dat Tommy Phan

      Attorneys for Plaintiff
      KHOSROW KAMALI